JACOB B. GADDIS AND OTHERS ads. HOWELL AND BIRDSALL.

1. In a suit brought under the act for the collection of demands against ships, steamboats, and other vessels, the failure of the commissioner to give immediate notice of the issuing of the warrant, and that claims must be presented within a certain time, does not vitiate the proceedings.

2. The bond given by the owners, even if voluntary, is valid, and may be enforced by creditors, although the prior proceedings may be irregular.

The proceedings in this case are under the act for the collection of claims against vessels, steamboats, &c.

The declaration sets out that, in August, 1864, the plaintiffs did certain work and furnished materials towards building and repairing a steamboat, at the special request of the owners of said boat, the New Jersey Lighterage Company, a body corporate in this state, and thereby became indebted to the plaintiffs in $934.68; that the said debt being a subsisting lien against the said steamboat, according to the statute above mentioned, the plaintiffs exhibited their claim in due form to a commissioner of the Supreme Court, and made application to him for a warrant to enforce this lien against said boat, and that thereupon the said commissioner, on the 29th December, 1864, issued a warrant to the then sheriff of the county of Hudson, commanding him to attach

the said steamboat, her apparel, &c., and keep the same safely, until discharged by due course of law, to answer all such claims as should be established against him, and to return said warrant to the commissioner in ten days after the seizure. That the said sheriff did, on the 14th July, 1865, attach and seize the said boat, with her furniture, &c., and return the warrant with his proceedings to the commissioner; that Jacob B. Gaddis being one of the owners of said boat, before any order for sale had been made under said proceedings, applied to said commissioner for an order to discharge the said boat, and thereupon the said defendants, to obtain such discharge, made and delivered to said commissioner their certain bond or writing obligatory, sealed with their seals, &c., and thereby acknowledged themselves to be indebted to the said plaintiffs in the penal sum of $1900, lawful money, &c.; which bond is subject to a condition, that if the New Jersey Lighterage Company would pay the amount of all claims exhibited by said plaintiffs, and established by law to be subsisting liens on said vessel, then the obligation to be void; whereupon the said commissioner, after approving said bond, discharged and surrendered said boat. The breach assigned was, that the said New Jersey Lighterage Company had not paid and would not pay the claims of the plaintiffs, or any part thereof, although they were exhibited at the time of giving the said bond, and were a subsisting lien upon the said vessel, according to the provisions of the act, &c., whereby the said bond became forfeited, and an action hath accrued, &c.

To this declaration the defendants pleaded several pleas, one of which was as follows: that the defendants ought not to be charged, &c., because they say that the said commissioner did not, on the said 29th December, 1864, or at any other time immediately after issuing the said warrant, order a notice stating the issuing of said warrant, the name of the vessel seized, the port or place to which she belonged, and the name of her last commander, and requiring all persons having claims against said vessel to deliver an account of

Gaddis et al. ads. Howell and Birdsall.

their respective claims to said officer within two months from the first publication of said notice, or that such vessel would be forfeited and sold for payment of the claims against her. To this plea the plaintiffs demurred.

The demurrer was argued by *J. R. Wortendyke*, for plaintiffs, and *I. W. Scudder*, for defendants.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. In this case the declaration is founded on a bond given to obtain the release of a vessel, attached by virtue of the proceedings authorized by the statute providing for the collection of demands against ships, steamboats, and other vessels. *Nix. Dig.* 529.* In this pleading the plaintiffs state, by way of inducement, the steps taken by them to obtain a lien on the boat which was seized, and then they set out, in the usual form, the execution and delivery of the bond, as also its condition. The breach assigned was, the non-payment of the claim for which they had obtained the lien. To this cause of action the defendants interposed a special plea, to the effect that the commissioner before whom the proceedings authorized by the statute had been taken, did not, on the day of issuing his warrant or immediately thereafter, order the notice prescribed in the act, of the seizure of the vessel, and directing creditors to present their claims under pain of forfeiting their remedy under the attachment.

The plea thus presented for consideration proceeds upon the ground that the failure of the commissioner to give the notice in question invalidated, *ab initio*, the proceeding before him. That such is not the effect of the omission to order this notice, I think is clear. The statute in this respect is merely directory, so that a neglect of the officer to comply strictly with the provision will not avoid the procedure. The direction is analogous to the provision in the attachment act requiring the clerk of the court to advertise the proceeding in a prescribed mode; and it has always been considered that the default of the clerk in this particular, would not

* *Rev.*, p. 586.

touch the validity of the suit. *Cory* v. *Lewis,* 2 *South.* 846. "There is a well known distinction," says Lord Mansfield, "between circumstances which are of the essence of a thing required to be done by an act of Parliament and clauses merely directory. The precise time in many cases is not of the essence." *Rex* v. *Loxdale,* 1 *Burr.* 447. This is the general principle attested by many authorities, and it is plain this provision of the clause under consideration falls within its compass. Besides, it is obvious that the direction that the officer issuing the warrant mentioned in these pleadings, should "thereupon immediately" order the notice to be given, when construed in view of the context and with reference to the purpose to be accomplished, does not mean that the order for the writ and the notice is to be made *uno flatu.* The notice is required to contain the name of the vessel "seized," which seems to imply that the order for such notice was not to be made until after the seizure. The word "immediately" does not, in legal proceedings, necessarily import the exclusion of any interval of time. It is a word of no very definite signification, and it is much in subjection to its grammatical connections. This was the mode of dealing with it in the case of *Thompson* v. *Gibson,* 8 *M. & W.* 281. All that the plea in the present case shows with legal precision, is the fact that the order for the notice was not made on the same day on which the commissioner issued his warrant, and I am of opinion that the act does not require, as a matter necessary to the validity of the proceedings, such useless promptitude in the officer.

But aside from the point just considered, it seems to me that upon general principles of law, the plea is clearly bad. By reference to the statute it will be perceived, that the first clause gives a lien by reason of work of a certain kind being done on the vessel in this state, under a contract with the owner or agent. The proceedings before the commissioner are merely to enforce this lien. It is plain, therefore, that there is nothing in the nature of the transaction, which would prevent a party whose vessel was subject to a lien of this descrip-

tion, to give a bond similar to the one now in controversy, to the mechanic or materialman, even prior to any proceedings before the commissioner. Such an obligation, considered as a voluntary one, would be of incontestable validity. And in the same way, equally legal would be a bond given during the pendency of proceedings before the commissioner, no matter how irregular such proceedings might be. Instruments of this character when not obtained by extortion, have been frequently sustained. The cases will be found collected in *Sedgw. Stat. Con.* 368 ; *Peo.* v. *Allen,* 6 *Wend.* 487.

As this plea, therefore, does not show that the bond in question was procured from the defendant by duress or by any misuse of legal process, such bond must be held to be valid.

Nor do I find any defect in the declaration which will defeat this demurrer to the plea. It is a mistake to suppose that the statements in the pleading, with regard to the proceedings before the commissioner, are of any legal value whatever. All this matter is entirely foreign to the issue, which the statute declares shall be raised on the bond. That issue will be found prescribed in the 15th and 16th sections of the act. *Nix. Dig.* 530.*

Judgment on the demurrer should be for the plaintiffs.